UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-132-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DANNY HATTON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00132-SEB-TAB |
| | ) | |
| DANNY HATTON, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Danny Hatton has filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) seeking immediate release. For the reasons explained below, Mr. Hatton's motion is **denied**.

**I. Background**

In 2017, Mr. Hatton pled guilty to one count of possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Dkts. 52, 53. According to the factual stipulation in his plea agreement, law enforcement officials witnessed Mr. Hatton conducting a drug transaction. When the officials attempted to apprehend him, Mr. Hatton led them on a high-speed pursuit. Mr. Hatton ran a red light and lost control of his vehicle, striking two utility poles. Eleven rounds of Remington Arms .38 caliber Super +P ammunition were found in Mr. Hatton's jacket pocket, along with small quantities of marijuana and heroin. The Court sentenced Mr. Hatton to 108 months of imprisonment and a 3-year term of supervised release. According to the Bureau of Prisons ("BOP") website, Mr. Hatton's anticipated release date (with good-conduct time included) is December 29, 2024. *See* https://www.bop.gov/inmateloc/ (last visited June 21, 2022).

Mr. Hatton initially filed a pro se motion for compassionate release. Dkt. 67. The Court appointed counsel to represent Mr. Hatton, and counsel thereafter filed a brief in support of the

motion. Dkt. 73. Mr. Hatton argues that "extraordinary and compelling reasons" warrant immediate release within the meaning of § 3582(c)(1)(A)(i) because his untreated injuries from a prior accident—in conjunction with his extensive list of other medical conditions—substantially diminish his ability to provide self-care within the meaning of U.S.S.G. § 1B1.13.[1] The United States filed a brief in opposition, dkt. 83, and Mr. Hatton filed a reply, dkt. 89. Thus, the motion is now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hatton reports that he suffers from many serious medical conditions and alleges that the BOP is not providing him with the necessary care and equipment to address these conditions,

---

[1] In his pro se submission, Mr. Hatton also appears to raise the risk of severe illness should he contract COVID-19 as an extraordinary and compelling reason to grant him immediate release. As discussed below, the Court need not determine whether this would establish an extraordinary and compelling reason for compassionate release because the Court will assume that his asserted inability to provide self-care meets that requirement.

to such an extent that Mr. Hatton argues that he is unable to provide self-care in the prison environment. Mr. Hatton's representations about his health include, amongst other things, that he suffers from hyperlipidemia, mood affective disorder, asthma, edema, mononeuropathy, regular chest pain, muscle spasms, and abdominal pain. Dkt. 73 at 3-4. Prior to his incarceration, Mr. Hatton was involved in an accident which left him with injuries to his right foot, ankle and knee and required surgeries. He experienced a severe pulmonary embolism as a complication from surgery, which required the insertion of an inferior vena cava (IVC) filter. Mr. Hatton requires the use of a wheelchair, a knee brace, a walker, medical shoes, and compression garments, but represents that he has not been provided with a wheelchair or crutches. For purposes of this Order, the Court will assume without deciding that Mr. Hatton's injuries and untreated conditions establish an extraordinary and compelling reason that could warrant a sentence reduction.

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Hatton's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of

the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Hatton's motion.

Weighing in Mr. Hatton's favor under the Court's § 3553(a) analysis, the time he has served has arguably been harder due to his allegations of untreated medical conditions and lack of necessary medical equipment. He also reports significant levels on ongoing pain that is not being addressed. Mr. Hatton reports that he has taken classes while in the BOP, including a class to obtain his commercial driver's license. Mr. Hatton states that he has been sober for six years and plans to live with his sister if he is released. He also hopes to reunite with his adult children.

Weighing against him, during the course of his arrest in this matter, Mr. Hatton led law enforcement officials on a high-speed chase, endangering those around him, and ending in a crash into utility poles. Mr. Hatton has a very serious and concerning criminal history which consists of nine felonies, including some with violence; thirty-six write-ups while in the Indiana Department of Correction's custody; and multiple instances of violating probation/parole. Dkt. 50. Mr. Hatton was on parole for another offense when he committed the instant offense. Mr. Hatton has had eight disciplinary infractions in the BOP since December 2018. Dkt. 83-3. In August 2020, Mr. Hatton was disciplined for having a homemade intoxicant, and in December 2019, he admitted to having drugs. In August 2020, the BOP rated Mr. Hatton as a high recidivism risk. Dkt. 83-2. Finally, Mr. Hatton is not scheduled to be released from custody until December 2024, and releasing him 2 ½ years early would be a significant windfall.

In light of these considerations, the Court finds that releasing Mr. Hatton early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide

a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Hatton's motion for compassionate release, dkt. [67], is **denied.**[2]

**IT IS SO ORDERED.**

Date: 6/27/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

---

[2] The Court recognizes that Mr. Hatton has made several allegations regarding the medical care, or lack thereof, that he is receiving from the BOP. Nothing in this Order should be interpreted as preventing Mr. Hatton from filing a civil action in his district of confinement to raise those issues, if appropriate.